**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ASONGANYI F. NKEMNKENG, AKA
Asonganyi Felix Nkemnkeng,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72327

Agency No. A215-818-151

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Asonganyi F. Nkemnkeng, a native and citizen of Cameroon, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an omission in Nkemnkeng's credible fear interview and inconsistencies between his testimony and visa application. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Nkemnkeng's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In addition, substantial evidence supports the agency's finding that Nkemnkeng did not present corroborative evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Thus, in the absence of credible testimony, in this case, Nkemnkeng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Nkemnkeng's CAT claim because it was based on the same evidence found not credible, and Nkemnkeng does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the

19-72327

consent or acquiescence of the government if returned to Cameroon.  *See Shrestha*, 590 F.3d at 1048-49.

We reject Nkemnkeng's contention that the agency erred in its legal analysis or ignored evidence.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**